No. 22-1266

=================================================

## UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

EMILY BOSCOE CHUNG,

Plaintiff-Appellee

&

KAREN A. HAMMER,

Ratifying Non-Party-Appellee

v.

TIMOTHY J. LAMB,

Respondent-Appellee

&

TIMOTHY J. LAMB, P.C.,

Respondent-Appellee

On Appeal from the United States District Court for the District of Colorado
Civil Action No. 1:14-CV-03244-DDD-KLM

Hon. Daniel D. Domenico (Wiley Y. Daniel, deceased)
Magistrate Judge Kristen L. Mix

**APPELLANTS' REPLY BRIEF (citing Appendices)**

**ORAL ARGUMENT REQUESTED**

KAREN A. HAMMER
Hammer-Law
4845 Pearl East Circle
Suite 101
Boulder, CO 80301
Phone: (303) 204-4447
Fax: Scan and email
hammer@hammer-law.com
*Attorney for Emily Boscoe Chung and Self*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................ I

TABLE OF AUTHORITIES ................................................... I

GLOSSARY, USAGE, AND CONVENTIONS ................................. I

INTRODUCTION ................................................................ 1

UNDISPUTED FACTS ABOUT THIS CASE ................................ 5

SUMMARY OF ARGUMENTS .............................................. 11

**I.    GENERALIZED STANDARDS OF REVIEW** ........................ 12

II.    ARGUMENT ............................................................. 13

A.    THIS COURT VACATED [#350] D-CT'S PRIOR SECTION-1927-FEES ORDER [#344] DETERMINING HAMMER'S CONDUCT WAS SANCTIONABLE UNDER SECTION-1927 AND AWARDING SECTION-1927 FEES.............. 13

B.    EVEN HAD D-CT FRESHLY DETERMINED SANCTION-TRIGGERING CONDUCT ON REMAND (AND IT REFUSED TO DO SO), D-CT CONTINUED TO APPLY THE WRONG STANDARD FOR DETERMINING SECTION-1927-FEES – AND THAT ERROR MUST BE REVERSED...................................... 17

C.    THE SECTION-1927-REPLY NEWLY ARGUED THAT IT SOUGHT RECOVERY OF "EXCESS" FEES, AN ARGUMENT OMITTED FROM ITS RENEWED-MOTION............................................................. 20

CONCLUSION ................................................................ 25

STATEMENT REGARDING FEES .......................................... 25

STATEMENT CONCERNING ORAL ARGUMENT ....................... 25

CERTIFICATE OF SERVICE ................................................ 26

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION ................................................................ 26

**1ST CERTIFICATE OF COMPLIANCE WITH ECF USER MANUAL ............ 27**

# TABLE OF AUTHORITIES

Cases

*Joseph A. ex Rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1266 (10th Cir. 2002) .................... 15

*Richardson v. Navistar Intern. Trans*, 231 F.3d 740, 743 (10th Cir. 2000) ................................ 14

*United States v. Miller*, 891 F.3d 1220, 1241 (10th Cir. 2018) .................................................... 16

# GLOSSARY, USAGE, AND CONVENTIONS

**This Reply-Brief continues to implement the glossary, usage, and conventions used in the Opening-Brief.**

## INTRODUCTION

28 U.S.C. § 1927 ("Section-1927") ***only*** permits a fee award against an attorney whose conduct "so multiplies proceedings unreasonably and vexatiously" as to cause "excess costs, expenses, and attorneys' fees [to be] reasonably incurred because of such conduct."   When a movant reasonably demonstrates that opposing counsel has engaged in this unique combination of preconditions, a federal district court may award Section-1927 fees ("Section-1927-Fees") against such counsel personally.

Section-1927 is not the only possible grounds for fee awards in federal litigation, and each fee-award-type has its own essential prerequisites. Appellees and their insurer made a series of deliberate choices (for which they attempt no explanation, even an implausible one): they ***chose*** Appellees as ***movants*** (in lieu of the insurer's intervening to seek this relief in its own name) seeking ***Section-1927-Fees*** based on ***their arguments*** and ***their evidence*** designated in the motion ***they*** drafted.  ***Their*** ongoing choices imposed additional limitations and requirements that govern the question of whether ***their specific motion*** adequately demonstrates

entitlement to Section-1927-Fees.

One of these choices was to ***falsely*** and repeatedly describe the fees Appellees sought to recover as fees ***Appellees "incurred."*** Their Answer-Brief leaves glaringly undisputed that ***their*** statements were and are ***false***. Nor does the Answer-Brief provide any explanation (not even an implausible one) attempting to justify why Appellees made and then repeated these false statements. So too the Answer-Brief elects ***<u>not</u>*** to cite to any legal authority or attempt any argument that would change the plain meaning of the word "incurred" (and their use of this word ***could not*** be anything but false and intentionally so on this record).

Recall that on October 19, 2020, this Court in case 20-1278 vacated in its ***entirety*** a prior award of Section-1927-Fees against attorney Appellant Karen Hammer ("Hammer").[1] *[#350]* at 11 (App'ts-App-0222) ("We...vacate

---

[1] Hammer was counsel-of-record and an unjoined real-party-in-interest in the case below, which she brought in the name of her former client Emily Boscoe Chung ("Boscoe") pursuant to a voluntary agreement between them in which Boscoe retained a partial financial interest in Boscoe's claims under the Fair Debt Collections Practices Act ("FDCPA"). Boscoe agreed to serve as the named plaintiff, and Hammer agreed to serve as designated counsel-of-record on the FDCPA case.

the sanctions order"). This Court did ***not*** elect to affirm part of the prior-fee-award and remand the remainder, something that was within its authority to do. Nor did Appellees seek this Court's contemporaneous reconsideration of the breadth of this vacating-order, which became law of the case.

The vacating-order [#350] (App'ts-App-0212) gave specific instructions to Appellees and guidance to the district-court ("D-CT") on what was required on remand for a valid, enforceable Section-1927-Fee award. Although Appellees did ***not*** meet these requirements, D-CT again awarded fees (albeit in a lower amount) on January 29, 2022 ("2022-Section-1927-Award"), a reversible legal error.

Appellees' Answer-Brief does not attempt to rebut or otherwise distinguish Tenth-Circuit precedent relied on by Appellants below, to which Appellants referred with pinpoint citations in their Opening-Brief. *Infra.* Appellants' Reply-Brief is not intended to be comprehensive and is filed without waiver in whole or in part. For example only, Appellants deny the  false narratives, false allegations, and fallacious arguments

Appellees have placed in their Answer-Brief, and Appellants mitigate their

damages and preserve their word count by not specifically identifying

each mischaracterization (and Appellants have already denied or rebutted

Appellees' positions except to the extent Appellees improperly provide

new variations on this theme in their Answer-Brief). *See, e.g., Answer-Brief*

*Questions-Presented* through *Statement of the Case* at 1 (digital-page-9)

through 12 (digital-page-19). These inaccurate and/or false statements

appear calculated to either inappropriately boost the reputation of

Appellees or inappropriately damage the reputation of Appellants, yet are

not reasonably material to the issues presented to this Court in this

Appeal.

The question squarely before this Court is whether D-CT (again) failed

to properly apply the correct legal standardds to the specific motion filed

by these Appellees. Appellees seek Section-1927-Fees which ***they***

purportedly ***incurred***, yet they cannot qualify for that relief because it is

undisputed that ***they*** never did incur fees. As a matter of law, ***these***

***specific movants*** did ***not*** carry the burden ***their specific motion*** created.

It is beyond the scope of this appeal for this Court to consider whether Appellees might otherwise have been entitled to prevail had they filed a *different* motion, provided *different* evidence, and made *different* legal arguments – or had *different* movants sought Section-1927-relief.

## UNDISPUTED FACTS ABOUT THIS CASE

Appellees leave undisputed the material facts established by Appellants in their Opening-Brief.  By way merely of example (and without waiver in whole or in part), these undisputed material facts include the following:

1.  Appellees' *direct* assurances to this Court and to D-CT that *Appellees themselves* had "*incurred* fees" were false because the only entity that ever had any financial liability for the fees sought in *this* Section-1927-motion was the insurer.  Until Appellees filed their Section-1927-Reply-[#355] (App'ts-App-0264), Appellants had reasonably assumed that evidence existed on this issue (that Appellees had financial liability (whether primary or secondary)) and Appellees had simply failed to provide that essential evidence to D-CT.   (Just as one does not ask to see the birth certificate of every litigant who is a named party to confirm their identity,

so too Appellants relied on Rule-11 certification of opposing counsel as to the basic plausible facts.) Appellants' objected to Appellees' new positions in Appellees' Section-1927-Reply because Appellees sought to recover fees Appellees claimed ***they*** had incurred yet Appellees had provided no ***evidence*** that ***Appellees themselves*** had liability for any fees – despite Appellees' false assurance to D-CT and this Court to the contrary, the record made by Appellants is clear that they did ***not*** oppose Section-1927 merely because Appellees' had insurance. *E.g., Verified-Surreply-[#356]* at 2 (App'ts-App-0276) ("No ***evidence*** exists in the record that [Appellees] have incurred or paid even one dollar in excess fees to which they claim they are entitled to an award under §1927 and act as movant seeking that compensation in ***their*** name") (*emphasis added*); *id. ¶20* at 11-12 (App'ts-App-0283) ("[Appellant] Hammer identified that [Appellees] Lambs engaged in ***additional*** dishonest conduct by falsely claiming that ***Mr. Lamb*** specifically had incurred fees when no evidence exists that he had") (*emphasis in original*).

2. Appellees' insurer never attempted to intervene to seek relief in its

own name for fees *insurer* had directly incurred. Nor did Appellees'
Renewed-Motion-[#353] (App'ts-App-0226) or Section-1927-Reply [#355]
(App'ts-App-0264) disclose directly that their statements that *Appellees* had
incurred fees were false – they did not disclose that their Renewed-Motion-
[#353] sought fees that only their insurer had incurred.   Appellees never
attempted to amend or otherwise correct the *false* statements claiming
*Appellees* had incurred the requested fees.  Nor do Appellees directly deny
that their statements were and remain false.   The only record before this
Court contains *uncorrected false statements* repeatedly assuring D-Ct (and
a prior appellate record falsely assuring *this Court*) that the fees Appellees
seek under *their* Section-1927 motion are fees they themselves *incurred.*
*E.g., 20-1278 Answer-Brief §¶1 at 1 (digital-page-11).*

3.    Appellants' Verified-Surreply and Opening-Brief directly focused on
the false statement that *Appellees* could have "incurred" fees when
Appellees never had any liability to pay counsel (whether primary or
secondary liability).  *Verified-Surreply-[#356]* at 21 (App'ts-App-0295) ("The
Affidavit ([#353] [*sic*] ¶9 at 2 [App'ts-App-0244]) establishes Gordon-Rees'

'agreement' with Insurer-Merkel, and no evidence is in the record (or apparently exists) that Lambs had any liability to Gordon-Rees supplementing that of Insurer-Markel"); *Opening-Brief* at 24 ("Defendants and Hardy had reasonable alternatives to avoid mischaracterizing Defendants as having specifically "incurred" the fees they sought under Section-1927").

4.  Appellees' Answer-Brief does *not* attempt to deny or rebut that a person must have liability before they have "incurred" an expense.  *E.g., Answer-Brief ¶2* at 1 (digital-page-8) (diverting attention from their *false* statement that *Appellees* had "incurred" fees, by mischaracterizing Appellants' objection *as if* Appellants' objection were that Appellees *had* insurance coverage, and that was not their objection).   Appellants' definition of "incurred" is not only conceded and un-rebutted, it is the one used by the insurance and risk-management industry.

*https://www.irmi.com/articles/expert-commentary/incurred-defined* (International Risk Management Institute) ("Actual legal liability for something is what satisfies the definition of incurred").

5.  Appellees misled D-CT and attempt to mislead this Court by ***falsely*** claiming that Appellants merely argue that Appellees had failed to ***disclose*** (until Appellees' Reply) that Appellees ***had*** insurance (but this is not the objection in fact raised by Appellants).  *Answer-Brief* at 8 (digitial-page-15) ("arguing, *inter alia*, that she was previously unaware that Mr. Lamb had insurance coverage and that, based upon such coverage, he had not actually incurred any attorneys' fees. [Dk. 356]"); *cf, Verified-Surreply ¶22* ("Based on Lambs' and his counsels' prior assurances under Rule-11 that ***Lambs*** had 'incurred' fees, Hammer had previously reasonably assumed that Insurer-Markel was merely paying Lambs' fees under Gordon-Rees' agreement with Lambs, rather than the insurer having a separate agreement with Gordon-Rees to directly pay Lambs' fees") (*emphasis in original).*

a.  Appellees' Answer-Brief ***falsely*** and directly claims that Appellants made the following ridiculous argument in their Surreply: "Ms. Hammer... was previously unaware that Mr. Lamb ***had*** insurance coverage and that, based upon such coverage, he had not actually

incurred any attorneys' fees. [Dk. 356]." *Answer-Brief* at 8 (digital-p. 15) (providing no pin-point citation supporting Appellees' ***false*** characterization of the Surreply) (*emphasis added*).

b.  Appellants never made that argument and agree that for them to do so would have been ridiculous.  Instead, Appellants' Surreply stated plainly that the question was **<u>not</u>** ***whether*** Appellees ***had*** insurance coverage, but whether ***Appellees*** had any financial ***liability*** to their defense counsel through an ***agreement between Appellees and their counsel***:

> Based on Lambs' and his counsels' prior assurances under Rule-11 that Lambs had "incurred" fees, Hammer had previously reasonably assumed that Insurer-Markel was merely paying Lambs' fees under Gordon-Rees' agreement with ***Lambs***, rather than the insurer having a ***separate agreement*** with Gordon-Rees to ***directly*** pay Lambs' fees. Lambs have not mentioned, produced, or entered into evidence any agreement binding Lambs to incur fees, and one reasonable assumption is that Lambs would have mentioned one had it existed.

*Surreply ¶22* at 12.

c.  Appellees attempt to prevail by ridiculing the argument they ***falsely*** attributed to Appellants (and Appellants ***never*** made this

argument).  *Answer-Brief* at 22 (digitial-page-29) ("Ms. Hammer's interpretation would create an absurd result that would allow an attorney to violate 28 U.S.C. § 1927 or other statutes, rules, or contracts and otherwise act with impunity yet avoid the imposition of attorneys' fees simply based upon the other party's foresight to obtain insurance coverage").

6.  Appellees provide no explanation for why (or denial that) they repeatedly made direct false statements to D-CT, this Court, and to Appellants that ***Appellees*** had been the ones who incurred attorney fees.

7.  In neither their filings below or their current Answer-Brief have Appellees attempted to rebut Appellants' reliance on law of the case controlling legal authority throughout the Opening-Brief.  *E.g., Opening-Brief ¶5* at 13.  Appellees' Answer-Brief simply ignore Appellants' raising the law of the case issue (and so Appellees conceding that issue).

**SUMMARY OF ARGUMENTS**

Section-1927 has precise, specific requirements that neither Appellees

nor D-CT complied with, in reversible error. This Court also gave specific

guidance [#350] about this controlling legal authority directly to the parties

and D-CT when this Court vacated D-CT's prior Section-1927-Fees-Award.

*Vacating-Order-[#350]* (App'ts-App-0212). Neither Defendants nor D-CT

***adequately*** addressed these in the filings and D-CT Order [#360] (App'ts-

App-0346) currently before this Court – these each also created reversible

error.

## I.    GENERALIZED STANDARDS OF REVIEW

Appellants addressed the generalized standards of review in their

Opening-Brief, concluding that this Court must engage in *de novo* review

under these circumstances. *Opening-Brief* at 58-60 (*e.g.,* "Here, *de novo*

review is appropriate because D.Ct. *had the authority* to exercise its

discretion, but did not engage in the type of meaningful substantive

analysis discretion requires").

Appellees' Answer-Brief disputes this conclusion, but does not attempt

to distinguish Appellants' controlling legal authority. *Answer-Brief* at 13

(digitial-page-20). Instead, Appellees simply cite to other legal authority

that might otherwise apply under different circumstances already distinguished by Appellants' Opening-Brief. *Id.* Appellees citations include controlling legal authority that directly supports Appellants' position. *Id.* ("A district court's attorneys' fees award 'must be accorded substantial deference ***absent*** an error of law or a clearly erroneous understanding of the facts.' *Bell v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 451 F.3d 1097, 1104 (10th Cir. 2006)) (*emphasis added*). Recall that this Court's Vacating-Order determined that D-CT did not properly apply the Section-1927 standards of review to determine the amount of sanctions, and vacated and remanded in full to provide an additional opportunity to correct errors of law. *[#350]* at 11 (App'ts-App-0222).

## II.   ARGUMENT

### A. THIS COURT VACATED [#350] D-CT'S PRIOR SECTION-1927-FEES ORDER [#344] DETERMINING HAMMER'S CONDUCT WAS SANCTIONABLE UNDER SECTION-1927 AND AWARDING SECTION-1927 FEES.

Appellants' Opening-Brief plainly argued that a vacated order cannot survive in whole or in part. *E.g., Opening-Brief* at 12. Appellees' Answer-

Brief attempted to side-step this reality (*suggesting* that the order was not vacated but not directly denying that the order was vacated). *Answer-Brief* at 15 (digital-page-22) ("this Court expressly affirmed the imposition of attorneys' fees under 28 U.S.C. § 1927 and only remanded for further proceedings as to the amount of the award"). But this Court plainly used the term vacate when issuing its Order [#350] (App'ts-App-0222).

Appellees appear to suggest that this Court should ignore its own plain language requiring Order-[#344] be vacated. *Answer-Brief* at 15 (digital-page-22). This Court is not permitted to ignore the effect of its order to vacate: "[T]he law of the case is a doctrine under which an appellate court will not reconsider a matter resolved on a prior appeal.*" Richardson v. Navistar Intern. Trans*, 231 F.3d 740, 743 (10th Cir. 2000).

Nor can any part of Order [#344] (App'ts-App-0138) remain law of the case. "Vacating a consent decree . . . wipes the slate clean, not only rendering the decree sterile for future purposes, but also eviscerating any collateral effects and, indeed, casting a shadow on past actions taken under the decree's imprimatur." *Joseph A. ex Rel. Corrine Wolfe v. Ingram*,

275 F.3d 1253, 1266 (10th Cir. 2002).

Appellants carefully preserved below their argument that (i) D-CT could arguably merely ***repeat*** its prior determinations that Hammer had been properly sanctioned under Section-1927, (ii) but these determinations of sanctionable conduct had not survived the vacating in its entirety of that prior order. *[#354]* at 9 (App'ts-App-0255)("Recall, the Tenth-Circuit explicitly vacated in its entirety this Court's Fee-Award-Order-[#344] (App'ts-App-0138)under §1927, eliminating both determination of sanctions under §1927 and the amount of fees previously awarded by this Court. *10th-Cir-Order* at 8 (App'ts-App-0219); *id. n.5* at 9 ([#350] App'ts-App-0220) ("we ***must*** vacate the sanctions order")) (*emphasis in original [#354] but not in original [#350]*).

Appellees disagreed, inviting D-CT into error. *[#355]* at 1 (App'ts-App-0264) ("The only remaining issue is deciding the amount of attorneys' fees she owes to Mr. Lamb for her conduct").  D-CT chose to accept Appellees' invitation to err and did err as a matter of law – there are no set of facts applicable here under which the vacating of an order leaves any aspect of

that order intact.[2]

This Court's Vacating-Order-[#350] (App'ts-App-0212) stated that, "The proper remedy is to vacate the sanctions order and 'remand to the district court for it to make a new determination under the correct law.'" *[#350]* at 10 (App'ts-App-0221).  This Court further explained that, while it would not pre-judge whether Hammer's conduct ***could never*** be considered sanctionable under Section-1927, it also could not affirm the determination that her conduct was sanctionable.  *Id.* at 10-11 (App'ts-App-0221-0222) ("With respect to a matter committed to the district court's discretion, like the propriety of § 1927 sanctions, we cannot invoke an alternative basis to affirm unless we can say as a matter of law that it would have been an abuse of discretion for the trial court to rule

---

[2] *Cf. United States v. Miller*, 891 F.3d 1220, 1241 (10th Cir. 2018) (when a non-lawyer peer-panel of doctors vacated a doctor's prior suspension on the grounds that the suspended doctor later complied with his terms of suspension and should not be subject to ***additional*** time of suspension, the fact of a prior suspension survived because the non-lawyer panel under those unique circumstances did not intend to ***retroactively*** nullify the suspension).

otherwise"). The Vacating-Order-[#350] left D-CT free either to do a fresh

evaluation of Hammer's conduct on remand or to repeat its prior

determination on remand:

> Ms. Hammer, however, urges us not only to vacate the order but also
> to prevent the district court from ordering any fees under § 1927. We
> decline to do so, because we cannot say the district court could not
> properly award any fees under § 1927.

*[#350]* at 9 (App'ts-App-0220).

D-CT's embrace of the legal error Appellees proferred created new legal

error (by failing to make ***on remand*** the determination that Hammer could

be sanctioned under Section-1927). The remaining record after giving

legal effect to Vacating-Order-[#350] contains ***no*** determination that

Hammer's specific conduct qualifies for Section-1927-fees under these

circumstances. In the absence of a subsequent order making this essential

determination on remand, Appellees ***cannot*** qualify for Section-1927-Fees

by relying on a portion of the vacated order-[#344] (App'ts-App-0138).

**B. EVEN HAD D-CT FRESHLY DETERMINED SANCTION-
TRIGGERING CONDUCT ON REMAND (AND IT REFUSED TO DO
SO), D-CT CONTINUED TO APPLY THE WRONG STANDARD FOR
DETERMINING SECTION-1927-FEES – AND THAT ERROR MUST**

BE REVERSED.

This Court's Order-[#350] explicitly "conclude[d that D-CT] applied the wrong standard to determine the amount of the sanctions." *[#350]* at 9 (App'ts-App-0220). This Court then gave several "examples" of legal errors D-CT made in the vacated Order-[#344]. *[#350]* at 9-10 (App'ts-App-0220 - 0221). And this Court also gave standards Appellees must satisfy on remand (and D-CT must apply on remand) to avoid repeating their prior errors that this Court determined required vacating the prior order-[#344]. *Id.*

Appellants's Opening-Brief established that Appellees and D-CT tweaked their prior errors (by removing specified examples of legal error), but did ***not*** adequately cure the broader issues clearly defined by this Court. *See, e.g., Opening-Brief* at 54. Appellees' Answer-Brief focused on eliminating specific example of errors, without explicitly disclosing that Appellees rejected the broader analysis this Court also required:

a. Appellees' Answer-Brief argues that "a review of the District Court's Order establishes that it performed a substantive analysis of Mr. Lamb's submission as to each previously identified category of conduct that violated 28 U.S.C. § 1927. [Dk. 360]." But this Court instructed D-CT not just

to do a substantive analysis, but to apply the ***correct standards*** to its analysis. *[#350]* at 9 (App'ts-App-0220). Thus, the existence of a "substantive analysis" that still did not apply the proper standards (or properly apply the required standards) is no safe-harbour for D-CT and Appellees.

b. Appellees' Answer-Brief further argued that, "Mr. Lamb submitted four spreadsheet exhibits corresponding to each category of specific conduct and, for each, the attorneys' fees sought, the date incurred, the description of the task performed, the amount of time spent, and the amount sought. [Dk. 353-1]." *Answer-Brief* at 16 (digital-page-23). But Appellees had also offered four spreadsheets providing the same type of information in litigating Order-[#344] before this Court vacated that order. This Court determined that Appellees did not bear their Section-1927 burden. *E.g., [#350]* at 10 (App'ts-App-0221) ("And the extent of that multiplicity is not obvious from the record"). Appellees removed certain entries from their prior spreadsheets, but did ***not upgrade*** or ***augment*** their evidence to satisfy ***all*** Section-1927 requirements.

c. Appellees' Answer-Brief similarly insisted that it had adequately supported its Renewed-Motion-[#353] (App'ts-App-0226) by "includ[ing] an affidavit from Mr. Lamb's attorney supporting the attorneys' fees. [Dk. 353-2; 353-3]." *Answer-Brief* at 16 (digital-page-23). Resubmitting the same Affidavit on remand did ***not*** substantially cure its prior inadequacies – the Affidavit continued to "sayeth not" any more than it did previously. *[#353-5]* at 4 (App'ts-App-0246). The Affidavit continued to overlook the elements required by Section-1927 other than the reasonableness of the billing rate: the attestation that the work was "reasonable and necessary in ***defense*** of this lawsuit" still does not meet Section-1927 evidentiary requirements. *[#353-5] ¶10* at 3 (App'ts-App-0245). And this Court's Vacating-Order-[#350] provided clear guidance that Section-1927 required much more evidence on remand than had been profferred previously. *[#350]* at 10 (App'ts-App-0221).

d.  Finally, Appellees identity what appears to be the primary point of their Answer-Brief: that on remand, their Section-1927-Fee request "removed the work performed previously identified by this Court and applied the 'because of' standard under 28 U.S.C. § 1927." *Answer-Brief* at 16 (digital-page-23).  Recall that this Court's Vacating-Order-[#350] made clear that the specific billing entries it "identified" were merely "examples" of fatal flaws in the record below.  Appellees appear to suggest that their conclusory statement voicing the "because of" language on remand was adequate to satisfy ***all*** of the various requirements of Section-1927 (and doing so was not adequate).  Appellees demonstrated below and in their Answer-Brief that they did not agree with this Court's conclusions/directions and preferred to stick to their prior, fatally deficient analysis.  Appellees made their choice, and this Court cannot adequately protect its dignity unless it holds Appellees accountable to meet the standards this Court so clearly set forth in its prior Vacating-Order-[#350] (App'ts-App-0212).

e.  Appellees argue that D-CT was "consistent with this Court's 'more restrictive view of the work incurred because of Ms. Hammer's sanctionable conduct.'" *Answer-Brief* at 16 (digital-page-23).  However this Court's message was ***not*** that Appellees should ask for a lower award for fewer hours of work, but that Appellees were required to show that the work for which relief was sought met ***all*** of the Section-1927 standards (and Appellees did not do so).  *E.g., [#350]* at 9 (App'ts-App-0220) ("But § 1927 does not authorize sanctions to compensate fees merely related to unreasonable and vexatious conduct").

## C. THE SECTION-1927-REPLY NEWLY ARGUED THAT IT SOUGHT RECOVERY OF "EXCESS" FEES, AN ARGUMENT OMITTED FROM ITS RENEWED-MOTION.

While D-CT correctly quoted Section-1927 in other places, D-CT's

analysis of the record before it overlooked in its entirety several specific

Section-1927 requirements on which Appellees bore the burden of proof.

Section-1927 requirements on which Appellees bore the burden of proof.

Appellants directly preserved the record that:

> Lambs failed to allege that Hammer had vexatiously and
> unreasonably multiplied proceedings (as required for §1927 fees) or
> had been in bad faith (as required for the Court's inherent authority)
> Lambs also failed to allege that the fees they sought from Hammer
> were excess fees caused by her vexatiously and unreasonably
> multiplying of proceedings.

*Section-1927-Response-[#354] ¶3* at 3 (App's-App-0249).

Appellees' Section-1927-Reply-[#355] (App's-App-0264) attempted to

make ***new*** arguments to fill the holes of arguments they had waived in

their Renewed-Motion-[#353]:

> Still, as clearly set forth in the Second Renewed Motion and, more
> specifically, exhibits A-1 to A-4 attached thereto, Mr. Lamb does
> identify the work performed and attorneys' fees incurred caused by
> the four categories of conduct identified by this Court.  This amounts
> to the excess work performed by Mr. Lamb's counsel "because of"
> Ms. Hammer's sanctionable conduct.[2]
>> [2] Ms. Hammer claims that Mr. Lamb's counsel's
>> Affidavit does not attest to this standard. (Dk. 354, p. 7, ¶
>> 23). However, this is met through the pleading and
>> exhibits with individualized entries, which counsel
>> attests to in the Affidavit.

*[#355]* at 5-6 (App'ts-App-02680-0269).  Recall that this Court's Vacating-

Order-[#350] explicitly cautioned Appellees that they bore the burden to make a record that proved each element of Section-1927-requirements in a manner that was "obvious from the record." *[#350]* at 10 (App't's-App-0021). Thus, Appellees' belated assertion in its Reply (that its Affidavit also supported the "excess" requirement of Section-1927) attempted to introduce a new substantive element -- because neither their Renewed-Motion nor the billing-entry-exhibits had provided or purported to provide evidence that the requested fees were also "excess."

Section-1927-Reply's expanded reliance on the Affidavit was new because the Renewed-Motion referred to the Affidavit ***solely*** "as evidence of the reasonableness of the attorneys' fees sought." *[#353]* at 9 (App't's-App-0234). Because no other evidence existed on some of the Section-1927-requirements, this newly expanding reliance on the Affidavit by Appellees in their Reply was so important that Appellants were entitled to respond thereto – and a response to a reply is a sur-reply. In evaluating this newly expanded use of the Affidavit, Appellants identified specific deficiencies of the Affidavit [#353-5] (App's-App-0243) specifically

preventing it from being evidence of other Section-1927-requirements (beyond the reasonableness Appellees' had previously attributed to the Affidavit).

Appellants cited to and specifically relied on Local-Rule-7.1(d) requiring that a non-movant be permitted a response to positions asserted by movant. *Verified-Surreply-[#356]* at 2 (App'ts-App-0276). That Rule would be meaningless if a movant could simply cut-off the possibility of response by putting new material information in its reply.

And, in the course of responding to Appellees' newly expanded reliance on the Affidavit without their seeking to supplement the evidence already in the record, Appellants discovered that ***no*** evidence in the record supported Appellees' false statement that ***they*** had incurred the fees they sought to recover under Section-1927.

Although Appellees have never disputed that their statement that they ***had*** incurred these fees was false, D-CT made conclusory statements that purported to rely on the record before it, but did not purport to analyze any one of Appellants' specific identification of Appellees' false statements

in the record:

> The remainder of Ms. Hammer's surreply is a series of personal accusations regarding the honesty and truthfulness of Defendants. These accusations are not supported by the record.

This Court had already rejected D-CT's prior conclusory references to the record as inadequate grounds for determining that D-CT had properly evaluated the record under the applicable standards:

- "there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings, such that the conduct resulted in proceedings that would not have been conducted otherwise" (*[#350]* at 6 (App'ts-App-0217));

- conclusions are "not obvious from the record" (*id.* at 10 (App'ts-App-0221);

- "We have no reason to [draw D-CT's same conclusion] from Mr. Lamb's motion or the court's order" (*id.*).

And because Appellees do ***not deny*** their false statements to D-CT and this Court (but merely attempt to distract attention away from their own misconduct), the record also does not provide any obvious support for D-CT to determine whether ***Appellees'*** own misconduct was the cause of whatever fees might have been "excess" (if any).  Both D-CT and this Court

have acknowledged that Hammer identified otherwise plausible explanations for her conduct – here, Appellees make no attempt to explain or otherwise provide grounds for their making false statements to D-CT, this Court, and Hammer.

## CONCLUSION

The renewed award [#360] (App'ts-App-0346) of Section-1927 fees against Hammer was reversible legal error, suffering from the substance of the same or similar flaws to those identified by this Court in its Order [#350] (App'ts-App-0212) vacating and remanding the prior Section-1927 Order [#344] (App'ts-App-0138).  None of the Section-1927 requirements is adequately established by *these* movants in *their* filings on the record *they* made.

## STATEMENT REGARDING FEES

Appellants have already provide notice that they will seek fees for this appeal and fully reserves the issue in whole and in part.

## STATEMENT CONCERNING ORAL ARGUMENT

[This Court has granted oral argument for May 17, 2023.  Thank you.]

Appellants' Opening-Brief provided grounds for oral argument.   It is

significant and material that Appellees do not ***oppose*** or object to this

relief, but simply do not make their own request.


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this **APPELLANTS' JOINT REPLY BRIEF**

and all other aspects of this filing were served electronically on all counsel

of record through the Court's CM/ECF system.

*s/ Karen A. Hammer*
_____  04/14/2023

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION**

This filing, exclusive of items listed in Fed. R. App. P. 32(f) and 10th Cir.

R. 32(b), contained less than 6,500 words, using Adobe Font Source Serif

Pro 14 point with at least one inch margins (prior to the addition of

citations to Appendices directed by the Court).

*s/ Karen A. Hammer*

_____    04/14/2023

**1ˢᵗ CERTIFICATE OF COMPLIANCE WITH ECF USER MANUAL**

All required privacy redactions have been made to this document and those filed herewith, and with the exception of those redactions, every document ***previously*** submitted in digital form before the filing today was an exact copy of the written document filed with the clerk. Said document has been scanned for viruses with Bitdefender Total Defender.

*s/ Karen A. Hammer*
_____    04/14/2023

**2ⁿᵈ CERTIFICATE OF COMPLIANCE WITH ECF USER MANUAL**

After being cleared for filing, the hard copies of this immediate precursor for this documents (prior to citations to the Appendices) were submitted to the Court will be exact copies of the version submitted then pending electronically, with the exception that the hard copies will have a cover sheet printed on blue paper as required by Fed. R. App. P. 29(d). [This Court ordered that revised hard copies were not to be submitted.]

*s/ Karen A. Hammer*
_____    04/14/2023